Page 1 of 4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JUSTIN M. ROSSI,

Petitioner,

v. Case No. 4:26cv337-TKW-HTC

THE STATE OF FLORIDA,

Respondent.
_______________________________/

ORDER and REPORT AND RECOMMENDATION

Plaintiff Justin M. Rossi, a pretrial detainee committed to the Florida State Hospital pursuant to a state court order finding him incompetent to proceed in his state criminal case,[1] filed a *pro se* pleading entitled "Request for Hearing In Forma Pauperis Due to Perjury by Florida and its Employees/Courts." Doc. 1. Upon review, and for the reasons set forth below, this action should be dismissed *sua sponte* as duplicative and malicious.

As an initial matter, although Rossi writes in several places that "This is not a habeas petition," the clerk docketed and opened this as a habeas petition under 28

---

[1] *See State of Florida v. Justin Michael Rossi*, Case No. 2024CF3213A (Fla. 2d Cir. Ct. for Broward County). A federal court may properly take judicial notice of state court dockets. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); Fed. R. Evid. 201(b)(2). Thus, the undersigned will take judicial notice of Rossi's state court records, available at https://www.browardclerk.org and https://cvweb.leonclerk.com/public.

U.S.C. § 2254. The clerk will be directed to reclassify this case as a prisoner *pro se* civil rights action under 42 U.S.C. § 1983.

Secondly, under the Prison Litigation Reform Act, 28 U.S.C. § 1915A, when a prisoner files a complaint against a government entity the Court has an obligation to review the complaint and dismiss any claim which is frivolous or malicious, fails to state a claim, or seeks monetary relief against a party that is immune from liability. In this case, Rossi alleges "Florida is illegally and fraudulently holding Rossi at Florida State Hospital refusing Rossi the right to bond out of jail for over a year denying Rossi liberty and kidnapping his son." Doc. 1 at 2. Specifically, he alleges, "The Florida Association of Court Clerks and Comptrollers and TPD committed perjury regarding damage (criminal mischief) and reports of child abuse aiding and abetting child abuse and violating parental rights." *Id.* He does not seek any specific relief in the pleading.

Putting aside the fact that such conclusory statements do not support any cause of action, less than a month ago the Chief Judge dismissed a virtually identical action under the *Younger* doctrine.[2] *See Rossi v. State of Florida, et al.*, 4:26-cv-00121-AW-MJF (Doc. 49, Final Order adopting Doc. 17 Report and Recommendation, July

[2] *See Younger v. Harris*, 401 U.S. 37 (1971). "The *Younger* doctrine bars federal court intervention in state … proceedings where the proceedings constitute an ongoing state judicial proceeding, the proceedings implicate important state interests, and there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Adams v. State of Fla.*, 185 F. App'x 816, 816-17 (11th Cir. 2006) (citing *31 Foster Child. v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)).

6, 2026). Additionally, Rossi currently has a federal habeas case pending in *Rossi v. State of Florida, et al.*, 4:26-cv-00271-MW-ZCB, which involves issues which overlap with the instant case. That case is pending on an order to show cause why it should not also be dismissed under *Younger*.

Because this case is duplicative of cases Rossi has filed in federal court, including cases that were opened and dismissed before this one, this case should be dismissed without prejudice as malicious.[3] *See Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021) (The filing of a duplicative complaint is considered "an abuse of the judicial process" and the complaint "is properly dismissed without prejudice as malicious.").

Accordingly, it is ORDERED:

1. The clerk shall designate this case on the docket as a prisoner *pro se* civil rights matter brought under 42 U.S.C. § 1983.

It is further RECOMMENDED that:

1. This case be DISMISSED without prejudice as malicious under 28 U.S.C. § 1915A(a) and (b)(1).

2. The clerk close the file.

---

[3] Dismissal of this case is also appropriate because Rossi's complaint is not on the Court's required form, he did not pay the filing fee or move to proceed *in forma pauperis* on the required form, and, as explained in *Rossi v. State of Florida et al*, 4:26-cv-00121-AW-MJF, his claims are barred by the *Younger* abstention doctrine.

At Pensacola, Florida, this 5th day of August, 2026.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.